JESSICA L. MARGOLIS
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
jmargolis@wsgr.com

JOHN L. SLAFSKY
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
jslafsky@wsgr.com

*Attorneys for Plaintiff Sprinkles Cupcakes, Inc.*



08 CV 1278

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPRINKLES CUPCAKES, INC.,<br><br>Plaintiff,<br><br>- against -<br><br>ELIZABETH HALPENNY and ALI LOEWENSTEIN, dba SPRINKLESPRINKLE,<br><br>Defendants. | CASE NO.: _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Sprinkles Cupcakes, Inc. ("Sprinkles") alleges as follows:

## THE PARTIES

1. Sprinkles is a Nevada Corporation with its principal place of business at 9635 Little Santa Monica Boulevard, Beverly Hills, CA 90210.

2. Sprinkles is informed and believes, and therefore alleges, that Defendant Elizabeth Halpenny is an individual residing in Manhattan, New York, that Defendant Ali

Loewenstein is an individual residing in Brooklyn, New York, and that both individuals are doing business as SprinkleSprinkle in Manhattan and Brooklyn (collectively "Defendants").

## JURISDICTION AND VENUE

3. This Court has original jurisdiction under 28 U.S.C. §§ 1338 and 1331. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 for related state law claims as well as jurisdiction under 28 U.S.C. § 1338(b) because the state law claims are joined to a substantial and related trademark claim.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to this complaint occurred within this judicial district and because one of the Defendants resides in this district.

## STATEMENT OF FACTS

### Sprinkles' Trademarks

5. In 2004 Sprinkles began selling bakery goods and in 2005 opened its retail bakery in Beverly Hills, California. In just 4 years, Sprinkles has become a nationwide phenomenon. The company and its now-famous bakery goods have been featured on numerous television shows including *The Oprah Winfrey Show*, *The Martha Stewart Show*, *The Today Show*, *Good Morning America*, *Nightline*, *Access Hollywood* and *Entertainment Tonight*. Sprinkles has also been featured in major publications such as *The New York Times*, *The New York Daily News*, *The New York Post*, *The Newark Star-Ledger*, *Time*, *People*, *InStyle*, *Bon Appetit*, *Gourmet* and *Travel & Leisure*.

6. Sprinkles' success and nationwide fame has afforded the company the opportunity to expand throughout the United States. In addition to its Beverly Hills store, Sprinkles now operates stores in Newport Beach, California, in Dallas, Texas, and in Scottsdale, Arizona. Sprinkles is also planning to open stores in other major cities throughout the United States, including New York, Boston and Chicago.

7. Sprinkles' retail stores are not the only places where prospective customers can order and purchase Sprinkles' bakery goods. Sprinkles maintains a website at

www.sprinklescupcakes.com (the "Sprinkles Website"), where customers can view Sprinkles' menu and place orders for Sprinkles' bakery goods. The Sprinkles Website has approximately 250,000 unique visitors per month. Sprinkles' products are also available in Williams-Sonoma stores throughout the United States. Residents of New York have purchased Sprinkles Cupcake Mixes in the numerous Williams-Sonoma stores in and around the New York area since December 2006. New Yorkers have also placed phone orders at Sprinkles' retail stores for friends and family who live near a Sprinkles store.

8.  Since selling its first cupcake in 2004, Sprinkles has continuously used and extensively marketed its trademarks, which include SPRINKLES CUPCAKES, SPRINKLES CUPCAKES and Design, and SPRINKLES (collectively the "Sprinkles Marks"). As a result of Sprinkles' success and publicity, the Sprinkles Marks have acquired significant recognition among consumers, and the general public has come to associate the Sprinkles Marks with Sprinkes' premium-quality bakery goods.

9.  Sprinkles has been using the trademark SPRINKLES CUPCAKES in connection with bakery goods since at least as early as February 1, 2004 and with retail shops featuring baked goods since as early as April 13, 2005.

10. On June 12, 2007, Sprinkles obtained a federal registration for its SPRINKLES CUPCAKES trademark, U.S. Trademark Registration No. 3,250,609, covering "bakery goods" and "retail shops featuring baked goods."

11. Sprinkles has been using the trademark SPRINKLES CUPCAKES and Design in connection with bakery goods since at least as early as October 19, 2004 and with retail shops featuring baked goods since as early as April 13, 2005.

12. On July 31, 2007, Sprinkles obtained a federal registration for its SPRINKLES CUPCAKES and Design trademark, U.S. Trademark Registration No. 3,271,643, covering "bakery goods" and "retail shops featuring baked goods."

13.     Sprinkles has been using the trademark SPRINKLES in connection with bakery goods since at least as early as February 1, 2004 and with retail shops featuring baked goods since as early as April 13, 2005.

14.     On October 9, 2007, Sprinkles obtained a federal registration for its SPRINKLES trademark, U.S. Trademark Registration No. 3,306,772, covering "bakery goods" and "retail shops featuring baked goods."

**Defendants' Infringing Conduct**

15.     On information and belief, years after Sprinkles launched its business and began using the Sprinkles Marks, Defendants started a bakery goods business in the Manhattan and Brooklyn area. Despite Sprinkles' national publicity and well-known registered trademarks for the Sprinkles Marks, Defendants adopted the trademark SPRINKLESPRINKLE to promote their bakery goods business.

16.     On or about August 23, 2007, Defendant Ali Loewenstein registered the domain name www.sprinklesprinklecakes.com, and has been operating a website at this Internet address (the "SprinkleSprinkle Website"). The SprinkleSprinkle Website prominently displays the SPRINKLESPRINKLE trademark in the upper left-hand corner of each and every page. The SprinkleSprinkle Website also uses Defendants' SPRINKLESPRINKLE trademark throughout other areas of the site.

17.     The left side of each page of the SprinkleSprinkle Website provides links to images of "cupcakes," "cakes," and "confections" offered by SprinkleSprinkle. The "Location" section of the SprinkleSprinkle Website explains that SprinkleSprinkle is a delivery-only company for the Manhattan and Brooklyn area. The lower left-hand corner of each page of the SprinkleSprinkle Website displays the email address "sprinklesprinkle@gmail.com."

18.     In view of the extreme similarity between Defendants' SPRINKLESPRINKLE trademark and the Sprinkles Marks for use in connection with identical bakery goods, Defendants' use of the SPRINKLESPRINKLE trademark is likely to cause confusion in the

marketplace. The resulting confusion will damage Sprinkles and injure its reputation in the trade and with the public.

19. Since first discovering Defendants' adoption of the SPRINKLESPRINKLE trademark, Sprinkles has repeatedly requested that Defendants promptly transition to a different name. Defendants have refused.

### FIRST CAUSE OF ACTION

(Infringement of Registered Trademarks, 15 U.S.C. § 1114)

20. Sprinkles realleges and incorporates by reference paragraphs 1 through 19 as set though fully forth herein.

21. Sprinkles is the owner of the federal trademark registrations for the Sprinkles Marks as set forth above.

22. Defendants have used in commerce, without Sprinkles' consent, marks that are highly similar to the Sprinkles Marks and that, taking into account the extremely similar commercial activities of the parties and other factors, are likely to cause confusion, deception, or mistake among consumers.

23. Defendants' unauthorized use of the SPRINKLESPRINKLE trademark has damaged Sprinkles and the business and goodwill symbolized by the Sprinkles Marks.

### SECOND CAUSE OF ACTION

(False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))

24. Plaintiff realleges and incorporates by reference paragraphs 1 through 23 as though fully set forth herein.

25. Defendants' acts described above, including its use in commerce of marks that are highly similar to the Sprinkles Marks, are likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation or approval of Defendants' goods and services. Further, Defendants' acts described above constitute false representation of fact that are also likely to cause confusion, mistake, or deceptive as to the source, sponsorship, affiliation, or approval of Defendants' goods and services.

26. Defendants' unauthorized use of the SPRINKLESPRINKLE trademark has damaged Sprinkles and the business and goodwill symbolized by the Sprinkles Marks.

### THIRD CAUSE OF ACTION

(Unfair Competition under New York Statutory Law)

27. Sprinkles realleges and incorporates by reference paragraphs 1 through 26 above as though fully set forth herein.

28. Defendants' acts as described above, including but not limited to Defendants' continued use of the name SPRINKLESPRINKLE, constitute unfair competition under N.Y. Gen. Bus. Law § 360-l.

29. Defendants' unauthorized actions have damaged Sprinkles and have caused, and unless retrained will continue to cause, great and irreparable injury to Sprinkles in an amount that cannot be ascertained, leaving Sprinkles with no adequate remedy at law.

### FOURTH CAUSE OF ACTION

(Deceptive Acts and Practices under New York Statutory Law)

30. Sprinkles realleges and incorporates by reference paragraphs 1 through 29 above as though fully set forth herein.

31. Defendants' acts as described above, including but not limited to Defendants' continued use of the name SPRINKLESPRINKLE, constitute deceptive acts and practices and false advertising under N.Y. Gen. Bus. Law §§ 349-350.

### FIFTH CAUSE OF ACTION

(Common Law Unfair Competition under New York Law)

32. Sprinkles realleges and incorporates by reference paragraphs 1 through 31 above as though fully set forth herein.

33. Defendants' acts as described above constitute unfair competition under New York common law.

## **PRAYER FOR RELIEF**

WHEREFORE, Sprinkles respectfully requests this Court:

A.  Permanently enjoin Defendants and all persons in privity or acting in concert or in participation with any of them from:

1.  using directly or indirectly, in connection with any goods, services or commercial activities, the name SPRINKLESPRINKLE, or any other trademark, service mark, or trade name that imitates or simulates, or is otherwise confusingly similar to, the Sprinkles Marks;

2.  using any other false designations of origin or false description or representation or doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the trade or the public, or to deceive the trade or the public into believing that Defendants' activities are in any way sponsored, licensed or authorized by or affiliated or connected with Sprinkles; and

3.  engaging directly or indirectly in any practices, including those complained of herein, that tend to compete unfairly with, or injure, Sprinkles, its business, or the goodwill related to Sprinkles' business or the Sprinkles Marks.

B.  Order Defendants to deliver for destruction all media, signs, prints, advertising, packaging, products, labels, wrappers, receptacles, boxes, cartons, forms, tags, patches, printed materials and promotional materials in its possession or control that bear the name SPRINKLESPRINKLE;

C.  Order Defendants to discontinue the use of the name SPRINKLESPRINKLE on the SprinkleSprinkle Website, electronic mail addresses or other electronic media;

D.  Order Defendants to transfer the domain name www.sprinklesprinklecakes.com to Sprinkles.

E.  Direct Defendants to account to Sprinkles for their profits derived from SprinkleSprinkle and order that Sprinkles recover its damages arising out of the aforesaid acts of infringement in a sum equal to three times such profits or damages (whichever is greater),

pursuant to 15 U.S.C. § 1117(a);

F.   Order Defendants to file with the Court and to serve on counsel for Sprinkles within 30 days of the entry of any injunction issued by the Court in this action, a sworn written statement pursuant to 15 U.S.C. § 1116(a) setting forth in detail the manner and form in which Defendants have complied with any injunction which the Court may enter in this action;

H.   Award Sprinkles reasonable attorneys' fees and costs and disbursements incurred by Sprinkles as a result Defendants' intentional infringement, pursuant to 15 U.S.C. § 1117(a) and N.Y. Gen. Bus. Law § 360-m.

I.   Award such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        February 8, 2008

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____
JESSICA L. MARGOLIS
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Tel: (212) 999-5800
jlmargolis@wsgr.com

John L. Slafsky
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
jslafsky@wsgr.com

*Attorneys for Plaintiff Sprinkles Cupcakes, Inc.*

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands trial by jury of all issues triable by a jury

Respectfully submitted,

Dated: New York, New York
February 8, 2008

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____

JESSICA L. MARGOLIS
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Tel: (212) 999-5800
jmargolis@wsgr.com

John L. Slafsky
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 493-9300
jslafsky@wsgr.com

*Attorneys for Plaintiff Sprinkles Cupcakes, Inc.*